6.3. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

6.4. <u>Titles and Subtitles</u>. The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

6.5. <u>Notices</u>. (A) All notices, request, demand and other communications under this Agreement or in connection herewith shall be given to or made upon the respective parties as follows: if to the Subscribers, to the addresses set forth on the signature page hereto, or, if to the Company, to EquiAlt Fund, LLC, c/o Duane Morris LLP, Attn: Paul R. Wassgren, 100 N. City Parkway, Suite 1560, Las Vegas, Nevada 89106.          (B) All notices, requests, demands and other communications given or made in accordance with the provisions of the Agreement shall be in writing, and shall be sent by certified or registered, return receipt requested, or by overnight courier or telecopy (facsimile) with confirmation of receipt, and shall be deemed to be given or made when receipt is so confirmed.
(C) Any party may, by written notice to the other, alter its address or respondent and such notice shall be considered to have been given ten (10) days after the airmailing, telexing or telecopying thereof.

6.6. <u>Brokers</u>. (A) Each Subscriber severally represents and warrants that it has not engaged, consented to or authorized any broker, finder or intermediary to act on its behalf, directly or indirectly, as a broker, finder or intermediary in connection with the transactions contemplated by this Agreement. Each Subscriber hereby severally agrees to indemnify and hold harmless the Company from and against all fees, commissions or other payments owing to any such person or firm acting on behalf of such Subscriber hereunder. The Company will pay finder's fees only in compliance with applicable law.    (B) The Company agrees to indemnify and hold harmless the Subscribers from and against all fees, commissions or other payment owing by the Company to any other person or firm acting on behalf of the Company hereunder.

6.7. <u>Expenses</u>. If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

6.8. <u>Third Parties</u>. Nothing in the Agreement shall create or be deemed to create any rights in any person or entity not a party to this Agreement.

6.9. <u>Amendments and Waivers</u>. Any term of this Agreement may be amended and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the Company and Subscribers holding a majority in interest of the Units purchased in the offering.

6.10. <u>Severability</u>. If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be excluded from this Agreement and the balance of the Agreement shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

6.11. <u>Entire Agreement</u>. This Agreement and the other Offering Documents constitute the entire agreement between the parties hereto pertaining to the subject matter herof, and any and all other written or oral agreements existing between the parties hereto are expressly canceled.

*(Signature page follows.)*

This Subscription Agreement has been executed as of the date last set forth below.

NUMBER OF UNITS: _____6,000_____

$10.00 PER UNIT

FOR THE AGGREGATE PURCHASE PRICE: $___60,000___

SUBSCRIBER: Goldstar Trust Company FBO Cary B. Toone Traditional IRA

Print or Type Name of Subscriber: __CARY B. TOONE__

Signature: __Cary Toone__ Second Signature if Jointly: _____

Title of Signatory: Trust Officer

If jointly subscribed manner in which Title to be held:
_____

Address: ███████████

Telephone: ███████████

Facsimile: ███

Tax I.D. #: ███████

Dated: __3/21/19__

This Subscription Agreement is agreed to and accepted as of: 04/03/19

       EQUIALT FUND , LLC

       a Nevada limited liability company

       By:    EquiAlt, LLC

             a Nevada limited liability company

             its Manager

             By: _____

             EquiAlt, its Manager

**Beneficiary Information:** The following individual(s) or entity(ies) shall be my primary and/or contingent beneficiary(ies) of this account. If neither primary nor contingent is indicated, the individual or entity will be deemed to be a primary beneficiary. If more than one primary beneficiary is designated and no distribution percentages are indicated, the beneficiaries will be deemed to own equal share percentages. Multiple contingent beneficiaries with no share percentages indicated will also be deemed to share equally. If any primary or contingent beneficiary dies before I do, his or her interest and the interest of his or her heirs shall terminate completely, and the percentage share of any remaining beneficiary(ies) shall be increased on a pro rata basis. If no primary beneficiary(ies) survives me, the contingent beneficiary(ies) shall acquire the designated share of the account.

**Beneficiary Information**

Name: Sophia D. Toone
Address:
City:           State:      Zip:
Share %: 100%        Relationship:
What type of Beneficiary is this? Primary

**Beneficiary 2**
First Name: Krystalyn        Last Name: Leeb
Address:
City:           State:      Zip:
Share %: 50        Relationship:
What type of Beneficiary is this? contingent

**Beneficiary 3**
First Name: William        Last Name: Bowerbank
Address:
City:           State:      Zip:
Share %: 50        Relationship:
What type of Beneficiary is this? contingent



## Direct Deposit Agreement Form

### Authorization Agreement

I hereby authorize EquiAlt to initiate automatic deposits to my account at the financial institution named below. I also authorize EquiAlt to make withdrawals from this account in the event that a credit entry is made in error.

Further, I agree not to hold EquiAlt responsible for any delay or loss of funds due to incorrect or incomplete information supplied by me or by my financial institution or due to an error on the part of my financial institution in depositing funds to my account.

This agreement will remain in effect until EquiAlt receives a written notice of cancellation from me or my financial institution, or until I submit a new direct deposit form to the Payroll Department.

### Account Information

| | |
|---|---|
| Name of Financial Institution: | |
| Routing Number: | |
| Account Number: | ☒ Checking  ☐ Savings |

Signature

| | | |
|---|---|---|
| Authorized Signature (Primary): | *Carly Toone* | Date: 3/21/19 |
| Authorized Signature (Joint): | | Date: |

Please attach a voided check or deposit slip and return this form to the Payroll Department.

# TRADITIONAL IRA Simplifier® INDIVIDUAL RETIREMENT ACCOUNT APPLICATION


**GOLDSTAR TRUST COMPANY**

## PART 1. IRA OWNER

Name *(First/MI/Last)* CAry B. Toone
Street Address *(Physical Required)* ___
City/State/ZIP ___
Mailing Address *(If different from Street Address)* ___
City/State/ZIP ___
Social Security Number ___
Date of Birth ___
Home Phone ___
Daytime Phone ___
Email Address ___
Preferred Method of Contact ___

## PART 2. IRA CUSTODIAN

Name: GoldStar Trust Company
Address Line 1: P.O. Box 719 (Mailing)
Address Line 2: 1401 4th Avenue (Street)
City/State/ZIP: Canyon, TX 79015
Phone: (800) 486-6888

What type of IRA are you opening?
☒ Traditional
☐ Simplified Employee Pension (SEP)

GoldStar Account Number ___
*(To be completed by GTC)*

## PART 3. CUSTOMER IDENTIFICATION PROGRAM INFORMATION (CIP)

**USA PATRIOT Act Notice**
In order to comply with the USA PATRIOT Act, we must be able to identify our customer. All new accounts must provide us with either the driver's license information; a photocopy of an unexpired, photo-bearing, government-issued identification, such as a passport, military, veteran or similar ID; or a notarized document.

Driver's License # ___      State Issued ___
Issuance Date ___            Expiration Date ___

If you do not have a valid state-issued driver's license, you must provide a legible photocopy of a valid government-issued photo ID or a notarized document.

## PART 4. CONTRIBUTION INFORMATION

Contribution Amount ___    Contribution Date ___

**CONTRIBUTION TYPE** *(Select one)*
☐ **1. Regular** *(Includes catch-up contributions)*
    Contribution for Tax Year ___
☐ **2. Rollover** *(Distribution from an IRA or eligible employer-sponsored retirement plan that is being deposited into this IRA)*
    By selecting this transaction, I irrevocably designate this contribution as a rollover.
☒ **3. Transfer** *(Direct movement of assets from a Traditional IRA into this IRA)*
☐ **4. Recharacterization** *(A nontaxable movement of a Roth IRA contribution, conversion, or retirement plan rollover to a Roth IRA into this IRA)*
    By selecting this transaction, I irrevocably designate this contribution as a recharacterization.
☐ **5. SEP Contribution** *(Contribution made under a SEP plan)*

**IF YOU ARE 70½ OR OLDER THIS YEAR, COMPLETE THE FOLLOWING, IF APPLICABLE**
*(Checking any of the following will adjust your required minimum distribution.)*

☐ This is a rollover or transfer of assets removed last year. Date of Removal ___
☐ This is a transfer from my deceased spouse's Traditional IRA and the assets were removed from the IRA in any year after death.
    The value of my portion of my deceased spouse's IRA on December 31 of last year ___
☐ This is a recharacterization of a conversion or taxable retirement plan rollover to a Roth IRA made last year.

100 (Rev. 10/2014)                                    ©2014 Ascensus, Inc.

This is page 2 of the IRA Application for _____, Account Number _____

## PART 5. BENEFICIARY DESIGNATION

I designate that upon my death, the assets in this account be paid to the beneficiaries named below. The interest of any beneficiary that predeceases me terminates completely, and the percentage share of any remaining beneficiaries will be increased on a pro rata basis. If no beneficiaries are named, my estate will be my beneficiary.

☐ I elect not to designate beneficiaries at this time and understand that I may designate beneficiaries at a later date.

**PRIMARY BENEFICIARIES** *(The total percentage designated must equal 100%.)*

Name  Sophia D. Toone
Address [redacted]
City/State/ZIP [redacted]
Date of Birth [redacted]   Relationship [redacted]
Tax ID (SSN/TIN) [redacted]   Percent Designated 100%

Name _____
Address _____
City/State/ZIP _____
Date of Birth _____   Relationship _____
Tax ID (SSN/TIN) _____   Percent Designated _____

Name _____
Address _____
City/State/ZIP _____
Date of Birth _____   Relationship _____
Tax ID (SSN/TIN) _____   Percent Designated _____

Name _____
Address _____
City/State/ZIP _____
Date of Birth _____   Relationship _____
Tax ID (SSN/TIN) _____   Percent Designated _____

**CONTINGENT BENEFICIARIES** *(The total percentage designated must equal 100%.)* *(The balance in the account will be payable to these beneficiaries if all primary beneficiaries have predeceased the IRA owner.)*

Name  Krystelyn A. Leeb
Address [redacted]
City/State/ZIP [redacted]
Date of Birth [redacted]   Relationship [redacted]
Tax ID (SSN/TIN) [redacted]   Percent Designated 50%

Name  William T. Bowerbank
Address [redacted]
City/State/ZIP [redacted]
Date of Birth [redacted]   Relationship [redacted]
Tax ID (SSN/TIN) [redacted]   Percent Designated 50%

Name _____
Address _____
City/State/ZIP _____
Date of Birth _____   Relationship _____
Tax ID (SSN/TIN) _____   Percent Designated _____

Name _____
Address _____
City/State/ZIP _____
Date of Birth _____   Relationship _____
Tax ID (SSN/TIN) _____   Percent Designated _____

☐ Check here if additional beneficiaries are listed on an attached addendum. Total number of addendums attached to this IRA _____

## PART 6. SPOUSAL CONSENT

*Spousal consent should be considered if either the trust or the residence of the IRA owner is located in a community or marital property state.*

**CURRENT MARITAL STATUS**

☐ **I Am Not Married** – I understand that if I become married in the future, I should review the requirements for spousal consent.

☐ **I Am Married** – I understand that if I choose to designate a primary beneficiary other than or in addition to my spouse, my spouse should sign below.

**CONSENT OF SPOUSE**

I am the spouse of the above-named IRA owner. I acknowledge that I have received a fair and reasonable disclosure of my spouse's property and financial obligations. Because of the important tax consequences of giving up my interest in this IRA, I have been advised to see a tax professional.

I hereby give the IRA owner my interest in the assets or property deposited in this IRA and consent to the beneficiary designation indicated above. I assume full responsibility for any adverse consequences that may result. No tax or legal advice was given to me by the Custodian.

X _____   _____
Signature of Spouse                       Date *(mm/dd/yyyy)*

## PART 7. SIGNATURES

***Important:*** *Please read before signing.*

I understand the eligibility requirements for the type of IRA deposit I am making, and I state that I do qualify to make the deposit. I have received a copy of the IRA Application, the 5305-A Custodial Account Agreement, the Financial Disclosure, and the Disclosure Statement. I understand that the terms and conditions that apply to this IRA are contained in this Application and the Custodial Account Agreement. I agree to be bound by those terms and conditions. Within seven days from the date I open this IRA I may revoke it without penalty by mailing or delivering a written notice to the custodian.

I assume complete responsibility for
- determining that I am eligible for an IRA each year I make a contribution,
- ensuring that all contributions I make are within the limits set forth by the tax laws, and
- the tax consequences of any contributions (including rollover contributions) and distributions.

I expressly certify that I take complete responsibility for the type of investment instrument(s) I choose to fund my IRA, and that the Custodian is released of any liability regarding the performance of any investment choice I make.

X *(signature)* Cary Toone
Signature of IRA Owner                       Date *(mm/dd/yyyy)*

X _____   _____
Signature of Custodian   FOR INTERNAL USE   Date *(mm/dd/yyyy)*

100 (Rev. 10/2014)                                   ©2014 Ascensus, Inc.



# GOLDSTAR TRUST COMPANY

## IRA TRANSFER / DIRECT ROLLOVER REQUEST

P. O. Box 719
1401 4th Avenue
Canyon, TX 79015
(800) 486-6888
NewBusiness@goldstartrust.com

**IMPORTANT! CONTACT YOUR CURRENT PLAN ADMINISTRATOR TO SEE IF THEY REQUIRE THEIR OWN PAPERWORK**

### GOLDSTAR IRA ACCOUNT OWNER

Name: Cary B. Toone         SS #: [redacted]         Date of Birth: [redacted]
Address: [redacted]          Daytime Phone #: _____
                             E-mail: _____

### CURRENT IRA OR QUALIFIED PLAN INFORMATION

*Please provide a copy of a recent statement from your current IRA custodian or employer retirement plan.*

Custodian's Name: [redacted]                          Account #: [redacted]
Custodian's Address (physical if overnight): [redacted]
City, State, & Zip: [redacted]                        Phone #: [redacted]
                                                      FAX: [redacted]

**Type of existing IRA or Qualified Plan to be transferred or rolled over: (please choose one)**

[X] Traditional  [ ] SEP IRA  [ ] 401K  [ ] 403(b)  [ ] Pension  [ ] Gov. 457 Plan  [ ] Simple  [ ] Other _____

### ASSET LIQUIDATION INSTRUCTIONS

| Asset Description | Quantity in IRA | Quantity To Be Transferred | Liquidate Immediately | Liquidate at Maturity | Transfer In-Kind |
|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [ ] | [ ] | [ ] |

**SELECT ONE:** [redacted]  OR  [redacted]

**SELECT ONE:**
[ ] Wire my funds to GoldStar Trust Company. I acknowledge that a wire fee may be charged by my current custodian.
[X] Send a **check** payable to GoldStar Trust Company (for the benefit of my IRA).

### RMD - REQUIRED MINIMUM DISTRIBUTION RESTRICTION (AGE 70 ½ OR OLDER ONLY)

I authorize the trustee or custodian named above to: [ ] distribute my RMD to me prior to transferring my Traditional or SEP IRA assets, [ ] segregate and retain my RMD amount or [ ] include the amount that represents my RMD in the transfer.  *Effective 1-1-2010*

### THIS BOX FOR INTERNAL USE ONLY

GoldStar Trust Company agrees to serve as the new Custodian for the account of the above-named individual, and as Custodian, we agree to accept the assets being transferred.

GoldStar Account Identification # _____

GoldStar Trust Company
Tax ID# 74-2557688

_____  _____
Authorized Signature for GoldStar  Date

**SIGNATURE GUARANTEE:** *Check with your current custodian to determine if a Medallion Stamp Guarantee is required. This is NOT a requirement of GoldStar Trust Company.*

### CUSTOMER SIGNATURE

**Transfers Only:**
I authorize the transfer of the IRA assets in the manner described above and certify that all of the information provided by me is correct and may be relied upon by GoldStar Trust Company.

**Direct Rollovers Only:**
I understand the rules and conditions applicable to direct rollovers and certify that I qualify for a direct rollover of the funds or assets listed above. Due to the important tax consequences of rolling funds over to an IRA or other qualified plan, I have been advised to see a tax advisor. I hereby request payment from the plan designated above in the form of a direct rollover. I assume full responsibility for this direct rollover transaction and will not hold GoldStar Trust Company or the Plan Administrator of either the distributing or receiving plans liable for any adverse consequences that may result. I hereby irrevocably designate this contribution of the funds and/or property indicated above as a direct rollover contribution.

x *Cary Toone* _____
Account Holder's Signature        Date

GTC Rev 2013/11





**IRA ROLLOVER CERTIFICATION**

GoldStar Trust Company
P.O. Box 719
1401 4th Avenue
Canyon, TX 79015
(800) 486-6888
NewBusiness@goldstartrust.com

---

**INSTRUCTIONS:** Complete this form only when initiating a 60-day rollover of assets previously distributed to you from (1) an IRA at GoldStar, (2) another IRA or (3) from an employer-sponsored retirement plan. **DO NOT** use this form to transfer assets directly from an IRA.

### GOLDSTAR IRA ACCOUNT OWNER

Name: Cary B. Toone          SSN: _____          Date of Birth: _____
Account #: _____             Account Type: ☒ Tradtional IRA  ☐ SEP IRA  ☐ SIMPLE IRA  ☐ Roth IRA
Address: _____               Daytime Phone #: _____
                              Email: _____

### ROLLOVER TYPE AND ELIGIBILITY REQUIREMENTS

To be eligible for an IRA rollover type listed below, **ALL statements for that rollover type must be true.** By signing this form, you are certifying that all applicable statements are true. Refer to page 2 for rules and conditions that apply to rollover eligibility.

**A  ROLLOVER FROM A TRADITIONAL, ROTH, SEP OR SIMPLE IRA**

1. I received the assets from the distributing IRA within the last 60 days.
2. This rollover contribution does not contain a required minimum distribution (RMD).
3. I have not rolled over any other distribution from any of my IRAs (Traditional, Roth or SIMPLE) within the last 12 months.

If this is a rollover from a SIMPLE IRA, the following statement must also be true:

4. More than two years have passed since the first contribution to my SIMPLE IRA.

**OR**

**B  DIRECT OR INDIRECT ROLLOVER FROM AN ELIGIBLE EMPLOYER-SPONSORED RETIREMENT PLAN**

1. I am the plan participant, spouse beneficiary, alternate payee of a qualified domestic relations order, or nonspouse beneficiary of the plan participant.
2. This rollover contribution is from an eligible employer-sponsored plan.
3. This rollover contribution does not contain any ineligible rollover distributions.

If the assets are not payable directly to your IRA, the following statement must also be true:

4. I received the assets within the last 60 days.

### AUTHORIZATION AND SIGNATURE

I certify that all of the information provided by me is true and correct and may be relied upon by GoldStar Trust Company. I certify that I am eligible for the type of IRA rollover being made and that (i) all funds are being deposited within the allowable 60 day period since distributed to me, (ii) this is the only rollover for or by me within the previous 12 month period, and (iii) none of the assets being deposited contain amounts from a Required Minimum Distribution. I have read and understand the rules and conditions on both pages of this form and I have met the requirements for making an IRA rollover. I assume full responsibility for this rollover transaction and will not hold GoldStar liable for any adverse consequences that may result. Due to the important tax consequences of rolling over funds or property to an IRA, I have been advised to see a tax professional.

I hereby designate this contribution of $_____ in cash and/or property as a rollover contribution.

x _Cary Toone_ _____                              _____
   Account Holder's Signature                       Date

GTC Rev 2015/03                     Page 1 of 2



**GOLDSTAR TRUST COMPANY**

**IRA INVESTMENT DIRECTION & CERTIFICATION**
(for Privately Offered Investments)

Box 719
Canyon, TX 79015
(800) 486-6888
Fax (806) 655-2490

### IMPORTANT INFORMATION! READ BEFORE COMPLETION OF THIS FORM

This form contains important disclosures about your duties and responsibilities with regard to holding a private placement investment or nonstandard asset within your self-directed IRA. Such investments may involve a high-degree of risk and GoldStar Trust Company ("GoldStar" or "we") will make no investigation as to the viability or safety of the investment(s) you select. GoldStar does not offer investment advice and does not buy or sell investment products. GoldStar is disqualified by the Internal Revenue Code from trading with an IRA for which it is the custodian. GoldStar is compensated through administrative fees and cash management fees.

### GOLDSTAR IRA ACCOUNT OWNER

Name: Cary B. Toone

☑ New Account Pending

Address: [redacted]

Account Number: _____

Daytime Phone: _____

Email: _____

### INVESTMENT INSTRUCTIONS

Many investments have similar names, so please list the full name of the investment as shown on the investment subscription document; do not abbreviate.

Items needed to consider the asset for acceptance:
1. This form, completed in its entirety
2. Investment Subscription document
3. Prospectus, Offering Circular or other Offering Documents for the investment
4. Fair Market Valuation Disclosure Statement (for Privately Offered Investments)

GoldStar reserves the right of final determination concerning which assets we will accept within an IRA. Please allow 1-2 weeks for the review process of the below asset to be completed. Submission of this form does not automatically guarantee asset acceptance by GoldStar. Failure to submit any of the above documents may delay the processing of your investment request.

### INVESTMENT INFORMATION - All transactions MUST occur within the IRA

Investment Name (specify exact name): EquiAlt Fund, LLC

Amount: $ 60,000.00   (must match the exact amount shown on the subscription documents)

Number of Shares/Units: 6000   Class of Shares/Units: _____
                  (if known)                                (if applicable)

Type of Equity Investment: ☑ Limited Liability Company (LLC)   ☐ Closely Held Stock
(check one)   ☐ Other: _____

Authorized Investment Sponsor Representative: Barry M. Rybicki

Title: Managing Director   Email address: _____

Phone #: 602-769-4266   Fax #: _____

Address: 23209 N. 44th Place, Phoenix, AZ 85050

Website address (if available): www.equialt.com

### PLEASE READ THE FOLLOWING REPRESENTATIONS:

I understand that certain transactions are prohibited for tax-exempt retirement arrangements under Internal Revenue Code Section 4975 and ERISA. I further understand that the determination of whether the transaction directed hereby is a prohibited transaction or "party in interest" transaction depends on the facts and circumstances surrounding the purchase. I warrant and represent that I have consulted with such advisors as I deem necessary and appropriate, and have determined among other things that this investment does not constitute a prohibited transaction as defined in Internal Revenue Code 4975, and that the offering entity or any affiliate thereof is neither a "disqualified person" (as described in Section 4975(e)(2) of the Internal Revenue Code nor a "party of interest" (as defined in Section 3(14) of ERISA). I hereby indemnify and hold GoldStar harmless should the transactions be deemed a prohibited transaction by the Internal Revenue Service. I have read and reviewed each representation made within the subscription agreement and/or related documents, which I have signed on behalf of the investment referenced above, and I specifically hold GoldStar harmless for any such representations regarding my personal financial information and/or my retirement plan(s) financial information which may be considered a part of the subscription agreement which I am requesting that GoldStar now sign as Custodian on behalf of my self-directed IRA. I understand that under the Internal Revenue Code and ERISA, GoldStar is required to provide reports to account holders that show the "fair market value" of account assets as of December 31st each year. If requested, I agree to furnish GoldStar with a fair market valuation of the above investments as of December 31st each year on or before January 31st of the following year. In the event I do not furnish this valuation to GoldStar by that date, GoldStar is entitled to assume that the fair market valuation is the original purchase cost, or if I have provided a valuation to GoldStar since the original acquisition, I authorize GoldStar to use that last reported written valuation.

# GoldStar TRUST COMPANY

## IRA INVESTMENT DIRECTION & CERTIFICATION
(for Privately Offered Investments)

P.O. Box 719
Canyon, TX 79015
(800) 486-6888
Fax (806) 655-2490

### ACCOUNTHOLDER MUST CHECK ONE OF THE FOLLOWING:

[✓] I represent that I am **not** an officer or director of the offering entity and/or borrower or any affiliate thereof, **nor** am I related to any officer or director of the offering entity and/or borrower or any affiliate thereof.

[ ] I represent and disclose that I am an officer or director of the offering entity and/or borrower or its affiliate, **or** that I am related to an officer or director of the offering entity and/or borrower or its affiliate.

If the second box is checked, the following questions must be answered for the purchase of the asset to be finalized:

1. Are you an owner, direct or indirect, of 50% or more of:
   a. the combined voting power of all classes of stock entitled to vote or the total value of share of all the classes of stock of the corporation.
   b. The capital or profits interest of a partnership.
   [ ] YES  [ ] NO

2. A member of the family (spouse, ancestor, lineal descendent and any spouse of a lineal descendant of any individual described above.
   [ ] YES  [ ] NO

3. An officer, director, a 10% or more shareholder, a highly compensated employee (more than 10% of the yearly wage of the employer), or a 10 % or more (in capital or profits) partner of joint venturer of a person described above.
   [ ] YES  [ ] NO

If any of the above three questions are answered yes, the investment involved may be a prohibited transaction. If a prohibited transaction occurs within an IRA, the entire IRA will be deemed to be distributed as of the first day of that year, with no regard to the dollar amount of the transaction involved in the prohibited transaction. The entire IRA becomes taxable to the individual and would receive a 10% penalty if the account holder is under age 59 ½.

The following disclosure must be signed if any of the questions above are answered yes before the asset(s) will be purchased:

*I hereby certify that I have received legal and/or tax advice regarding this particular transaction and verify that I have not and will not cause my IRA to enter into any transaction with a "Party-In-Interest" or "Disqualified Person", and that I am not in violation of the "Prohibited Transaction" rules.*

_____   _____
Signature of Account Holder                                 Date

*See a Fee Schedule or call GoldStar for transaction fees. Fees not prepaid will be deducted from cash in IRA.*

### ATTENTION ISSUERS

Please register all assets as follows:

Tax ID: 74-2557688
GoldStar Trust Company
FBO: (IRA Holder's Full Name)
PO Box 719
Canyon, TX 79015

### AUTHORIZATION AND ACKNOWLEDGEMENT

The foregoing representations are true and accurate as of the date hereof and shall be true and accurate as of the date of delivery of the funds to the Investment and shall survive such delivery. If in any respect such representations and warranties shall not be true and accurate prior to delivery of the funds to the Investment, I shall give written notice of such fact to GoldStar specifying which representations are not true and accurate and the reasons therefore.

I acknowledge that I have sole responsibility for directing the investment of my account. I acknowledge that GoldStar will not exercise any discretion, assume any fiduciary responsibility, perform a due diligence review, or undertake any investigation as to the prudence, viability, merits or suitability of the Investment. I acknowledge my understanding that GoldStar is not a "fiduciary", or a person entitled to exercise any discretionary authority with respect to the Investment, as those terms and concepts are defined in the Internal Revenue Code, ERISA, or other applicable federal, state, or local laws, and I agree to hold GoldStar harmless from any liability for any loss, damage, injury, or expense (including reasonable attorney's fees) which may occur as a result of the execution of this Investment Direction and Certification.

**IMPORTANT: READ BEFORE SIGNING!**

x _Cary Toone_____
Signature of Account Holder
Date __3/21/19__

### FOR INTERNAL USE ONLY

Check: _____
Address: _____
_____
Account #: _____
Contact Phone #: _____
Notes: _____

PAGE 2 OF 2



# GOLDSTAR TRUST COMPANY
## FAIR MARKET VALUATION DISCLOSURE STATEMENT
### (for Privately Offered Investments)

P.O. Box 719
Canyon, TX 79015
(800) 486-6888
Fax (806) 655-2490

## ANNUAL VALUATION

GoldStar Trust Company ("GoldStar") conducts a semi-annual review, for periods ending June 30th and December 31st, of all assets held in IRA/SEP/ESA accounts and values the assets accordingly. Unique assets (i.e. LLCs, closely-held stock, etc.) are valued on an annual basis, typically 12/31.

## OFFERING COMPANY INFORMATION

Offering Company Name: **EquiAlt Fund, LLC**
Authorized Investment Sponsor Representative: **Barry M. Rybicki**
Title: **Managing Director**    Email address: _____
Phone #: **602-769-4266**    Fax #: _____
Address: **23209 N. 44th Place, Phoenix, AZ 85050**
Website address (if available): **www.equialt.com**

## ASSET INFORMATION

Investment Name (specify exact name): **EquiAlt Fund, LLC**
Price per share: $ **10.00**    as of date: _March 2014_ (handwritten)
Number of Shares/Units issued: _6000_ (handwritten) (if known)    Class of Shares/Units: _____ (if applicable)
Type of Equity Investment: ☑ Limited Liability Company (LLC)    ☐ Closely Held Stock
(check one)    ☐ Other: _____

## VALUATION METHOD – Please Select Which Method Used

☐ 1. Qualified Independent Third Party Appraiser / Valuator

☐ 2. Qualified Independent Third Party CPA

☐ 3. Another acceptable method that yields a good faith effort to provide a reasonable fair market valuation for the securities. It is not acceptable to continue to value the asset at par, or the offering price, year after year. The investment sponsor must be able to demonstrate that a reasonable approach was taken in valuating the asset. If this valuation method is chosen, a written report detailing the valuation is required. Please describe below how the annual valuation will be determined.

### SUPPORTING DOCUMENTATION REGARDING THE ANNUAL VALUATION OF THE ASSET IS REQUIRED REGARDLESS OF THE METHOD CHOSEN!

- If option 1 or 2 is chosen, please complete sections ❶ - "Valuation Agent's Information" and ❷ - "Valuation Disclosure Statement" on the next page.
- If option 3 is chosen, please describe below the method used to determine the value of the asset and complete section ❷ on the next page entitled "Valuation Disclosure Statement."